UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

----------------------------------------------------------------------------

2012 MAR 30  PH 2: 36

EDDIE MCMASTER,

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

COMPLAINT

Plaintiff,

-against-

CV 12 - 1566

Docket No.

Jury Trial Demanded

CITY OF NEW YORK, CHRISTOPHER PARCO, Individually,
EMILIO LABOY, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

**VITALIANO, J.**

**SUMMONS ISSUED**

Defendants.

**REYES, M.J**

----------------------------------------------------------------------------X

Plaintiff EDDIE MCMASTER, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff EDDIE MCMASTER is a thirty-three year old African American man

who resides in Staten Island, New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants

CHRISTOPHER PARCO, EMILIO LABOY, and JOHN and JANE DOE 1 through 10, were

duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.    This action arises from the defendants' custom, policy and practice of racial profiling and harassment resulting in the successive violations of plaintiff's civil rights on January 2, 2011, March 11, 2011, and March 14, 2011.

**Incident One**

13.    On January 2, 2011, at approximately 3:50 p.m., plaintiff was lawfully present inside of 181 Gordon Street, Staten Island, New York.

14.    Plaintiff was en route to his aunt, Marcelle McMaster's, apartment, located at 181 Gordon Street, Apartment 4A, when he was stopped and detained by defendant officers, including but not limited to defendant PARCO.

15.    Plaintiff informed the officers that he was visiting his aunt, and provided the officers with his aunt's name and apartment number.

16.    The defendant officers nonetheless arrested and handcuffed plaintiff and transported him to the 120th Police Precinct.

17.    The defendant officers imprisoned plaintiff until his arraignment in Richmond County Criminal Court on baseless charges that he was trespassing filed under docket number 2011RI000065; said charges having been filed based on the false allegations of defendant PARCO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

18.    At his arraignment all the purported charges filed against plaintiff based on the false allegations of the defendants were adjourned in contemplation of dismissal and

3

subsequently dismissed and sealed in Richmond County Criminal Court.

**Incident Two**

19.    On March 11, 2011, at approximately 7:30 p.m., plaintiff was lawfully present on the 4th floor of 181 Gordon Street, Staten Island, New York again en route to his aunt, Marcelle McMaster's, apartment, located at 181 Gordon Street, Apartment 4A.

20.    The defendant officers, including but not limited to defendant PARCO, stopped and detained plaintiff.

21.    Plaintiff informed the officers that he was visiting his aunt, and provided the officers with his aunt's name and apartment number.

22.    The defendant officers nonetheless arrested and handcuffed plaintiff and transported him the 120th Police Precinct.

23.    The defendant officers imprisoned plaintiff until his arraignment in Richmond County Criminal Court on baseless charges that he was trespassing filed under docket number 2011RI002364; said charges having been filed based on the false allegations of defendant PARCO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

24.    Over the course of the next three months, the malicious prosecution compelled plaintiff to return to court approximately three times, until on June 3, 2011 all of the purported charges levied against plaintiff based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

**Incident Three**

25.    On March 14, 2011, at approximately 8:00 p.m., plaintiff was lawfully present

4

inside of 141 Park Hill Avenue, Staten Island, New York.

26.    Plaintiff was en route to his cousin, Nirobi McMaster's, apartment, located at 141 Park Hill Avenue, Apartment 5U, when he was stopped and detained by defendant officers, including but not limited to defendant LABOY.

27.    Plaintiff informed the officers that he was visiting his cousin, and provided the officers with his cousin's name and apartment number.

28.    The defendant officers nonetheless arrested and handcuffed plaintiff and transported him the 120th Police Precinct.

29.    The defendant officers imprisoned plaintiff until his arraignment in Richmond County Criminal Court on baseless charges that he was trespassing filed under docket number 2011RI002450; said charges having been filed based on the false allegations of defendant LABOY.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

30.    Over the course of the next three months, the malicious prosecution compelled plaintiff to return to court approximately four times, until on June 24, 2011 all of the purported charges levied against plaintiff based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

**As to Incidents One through Three**

31.    The defendant officers either participated in and/or failed to intervene in the illegal conduct described herein.

32.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, conducting an

5

unlawful trespass enforcement policy, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

33.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the investigation of individuals who are present in buildings, and have repeatedly arrested individuals for trespassing in buildings in which said individuals were lawfully present.

34.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

35.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.     As a result of the foregoing, plaintiff EDDIE MCMASTER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

6

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

37.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.    All of the aforementioned acts deprived plaintiff EDDIE MCMASTER, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

40.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to

7

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants arrested plaintiff EDDIE MCMASTER without probable cause, causing him to be detained against his will for an extended periods of time and subjected to physical restraints on January 2, 2011, March 11, 2011, and March 14, 2011.

46.     Defendants caused plaintiff EDDIE MCMASTER to be falsely arrested and unlawfully imprisoned on each of the dates described above.

47.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     With regard to the March 11, 2011 and March 14, 2011 incidents, the defendants initiated, commenced and continued malicious prosecutions against plaintiff EDDIE MCMASTER.

50.     Defendants caused plaintiff EDDIE MCMASTER to be prosecuted without any

probable cause until the charges were dismissed.

51.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants issued criminal process against plaintiff EDDIE MCMASTER by causing his arrests and prosecutions in Richmond County Criminal Court following his arrests on January 2, 2011, March 11, 2011, and March 14, 2011.

54.     Defendants caused plaintiff EDDIE MCMASTER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

55.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

9

57.     The defendants falsely arrested and maliciously prosecuted plaintiff EDDIE MCMASTER because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

58.     As a result of the foregoing, plaintiff EDDIE MCMASTER was deprived of his rights under the Equal Protection Clause of the United States Constitution.

59.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

62.     As a result of the foregoing, plaintiff EDDIE MCMASTER was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

63.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiff EDDIE MCMASTER, whose constitutional rights were being violated in their presence by other officers, on January 2, 2011, March 11, 2011, and March 14, 2011.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiff EDDIE MCMASTER'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

68.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.     As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to

11

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

72.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals; arresting individuals for mere presence inside a New York City Housing Authority building; engaging in racial profiling and/or racially motivated stops; and, a policy of falsification.    In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff EDDIE MCMASTER'S rights as described herein.    As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.    The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EDDIE MCMASTER.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EDDIE MCMASTER as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff EDDIE MCMASTER as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff EDDIE MCMASTER was unlawfully arrested, illegally searched, and maliciously prosecuted.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EDDIE MCMASTER'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff EDDIE MCMASTER of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from false arrest/unlawful imprisonment;

C.     To be free from the failure to intervene;

D.     To be free from malicious prosecution;

E.     To be free from malicious abuse of process; and

F.     To receive equal protection under law.

13

81.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

84.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

87.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Defendants arrested plaintiff EDDIE MCMASTER without probable cause on January 2, 2011, March 11, 2011, and March 14, 2011.

89.    Plaintiff was detained against his will for extended periods of time and subjected to physical restraints.

90.    As a result of the aforementioned conduct, plaintiff EDDIE MCMASTER was unlawfully imprisoned in violation of the laws of the State of New York.

91.    As a result of the aforementioned conduct, plaintiff EDDIE MCMASTER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

92.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

93.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    As a result of the foregoing, plaintiff EDDIE MCMASTER was placed in apprehension of imminent harmful and offensive bodily contact on January 2, 2011, March 11, 2011, and March 14, 2011.

95.    As a result of defendant's conduct, plaintiff EDDIE MCMASTER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants made offensive contact with plaintiff EDDIE MCMASTER without privilege or consent on January 2, 2011, March 11, 2011, and March 14, 2011.

99.     As a result of defendants' conduct, plaintiff EDDIE MCMASTER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    With regard to the March 11, 2011, and March 14, 2011 incidents, the defendants initiated, commenced and continued malicious prosecutions against plaintiff EDDIE MCMASTER.

103.    Defendants caused plaintiff EDDIE MCMASTER to be prosecuted without

16

probable cause until the charges were dismissed.

104.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

105.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants issued criminal process against plaintiff EDDIE MCMASTER by causing him to be arrested, arraigned and prosecuted in criminal court following the January 2, 2011, March 11, 2011, and March 14, 2011 arrests.

107.    Defendants caused plaintiff EDDIE MCMASTER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

108.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth

herein.

110.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

111.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

112.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

113.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff EDDIE MCMASTER.

114.    As a result of the aforementioned conduct, plaintiff EDDIE MCMASTER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

115.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests and prosecutions of plaintiff EDDIE MCMASTER.

118.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

119.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests and prosecutions of plaintiff EDDIE MCMASTER.

122.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

125.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

126.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

128.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

129.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth

herein.

130.    As a result of defendants' conduct, plaintiff EDDIE MCMASTER was deprived of his right to equal protection of laws.

131.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

132.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133.    As a result of defendants' conduct, plaintiff EDDIE MCMASTER was deprived of his right to security against unreasonable searches, seizures, and interceptions.

134.    As a result of the foregoing, plaintiff EDDIE MCMASTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE,** plaintiff EDDIE MCMASTER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)　full and fair compensatory damages in an amount to be determined by a jury;

(B)　punitive damages against the individual defendants in an amount to be determined by a jury;

(C)　reasonable attorney's fees and the costs and disbursements of this action; and

(D)　such other and further relief as appears just and proper.

Dated: Brooklyn, New York
　　　March 26, 2012

　　　　　　　　　　　　　LEVENTHAL & KLEIN, LLP
　　　　　　　　　　　　　45 Main Street, Suite 230
　　　　　　　　　　　　　Brooklyn, New York 11201
　　　　　　　　　　　　　(718) 722-4100

　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　BRETT H. KLEIN (BK4744)

　　　　　　　　　　　　　Attorneys for Plaintiff EDDIE MCMASTER

22